UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VALIANT INSURANCE COMPANY, a
foreign corporation,

                Plaintiff,

-vs-                              Case No.  5:06-cv-410-Oc-10GRJ

PROGRESSIVE PLUMBING, INC., a
Florida corporation, PROGRESSIVE
PLUMBING S.C., LLC, a Florida
corporation, CENTRAL FLORIDA
PLUMBING SUPPLY, INC., a Florida
corporation, WILLIAM E. LAWSON, an
individual,

                Defendants.
_____

# O R D E R

This case is before the Court for consideration of the Plaintiff's Motion to Dismiss Pro Plumbing's Counterclaim (Doc. 21), to which Defendants Progressive Plumbing, Inc., Progressive Plumbing S.C., LLC, Central Florida Plumbing Supply, Inc., William E. Lawson, and Charlene H. Lawson (collectively, the "Pro Plumbing Defendants") have responded (Doc. 26).  The motion is ripe for review and is due to be denied.

## Background and Facts

The Plaintiff initiated this action by filing an eight-count Complaint for declaratory relief seeking to determine the Plaintiff's liability to defend or indemnify the Pro Plumbing Defendants pursuant to a commercial general liability insurance contract executed between the Plaintiff and those Defendants.  The parties executed the contract for insurance at

issue in this case in Florida through a Florida insurance agent.  Moreover, the insured parties were all Florida corporations with their principal place of business in Florida.

Underlying this action for declaratory relief is a state court action in which RLI Insurance Company sued the Pro Plumbing Defendants for indemnification on a performance bond RLI issued to the Pro Plumbing Defendants.  In the action now before the Court, the Plaintiff is seeking a declaration that it is not obligated by the insurance policy to defend or indemnify the Pro Plumbing Defendants in the state court action. Further, underlying both of these actions is a loss sustained on a construction project in Georgia related to plumbing work performed by the Pro Plumbing Defendants.

Contemporaneously with the filing of an Answer to the Complaint, the Pro Plumbing Defendants purported to state two counterclaims (Doc. 19): one for breach of contract (Count I) related to the insurance policy; and a second counterclaim for statutory bad faith (Count II) pursuant to Florida statutes section 624.155(1)(b)(1).  In both counterclaims the Plaintiff also asserted a request for attorney fees pursuant to the Florida Insurance Code. The Plaintiff now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the request for attorney fees and the counterclaim for statutory bad faith.

### Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."  Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d

465, 471 (5th Cir. 1968).  The Federal Rules of Civil Procedure do not require a claimant

to set out in detail the facts upon which he bases his claim.  Instead, all that is required is

that the claimant set forth a "short and plain statement of the claim showing that the

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355

U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  As such, "[w]hile a complaint attacked by

a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [a claimant's]

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1964-65 (May 21, 2007)

(citations omitted).  "Factual allegations must be enough to raise [the claimant's] right to

relief above the speculative label on the assumption that all of the complaint's allegations

are true." Id. at 1965 (citations omitted).

## Discussion

The primary thrust of the Plaintiff's motion to dismiss rests upon the assertion that

Georgia law governs the counterclaims because that is where the insured loss occurred.

The Court must therefore consider the question of what law applies.  A court which sits in

diversity must apply the choice of law rules of the forum state. LaFarge Corp. v. Travelers

Indem. Co., 118 F.3d 1511, 1515 (11th Cir. 1997).  Thus, the Court must apply Florida's

choice of law rules. "In Florida, the rights and obligations of the parties under an insurance

policy are governed by contract law, because they arise out of an insurance contract." CNL Hotels & Resorts, Inc. v. Houston Cas. Co., – F. Supp. 2d –, 2007 WL 788361, * 2 (M.D. Fla. March 14, 2007) (citing Lumbermens Mut. Cas. Co. v. August, 530 So. 2d 293, 295 (Fla. 1988)).   Despite an Erie-guess to the contrary by the Eleventh Circuit,[1] Florida continues to adhere to the rule of lex loci contractus in determining which state's law applies to contracts.  State Farm Mut. Auto Ins. Co. v. Roach, 945 So. 2d 1160, 1163-64 (Fla. 2006).  "That rule, as applied to insurance contracts, provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage."  Roach, 945 So. 2d at 1163.  "When parties come to terms in a agreement, they do so with the implied acknowledgment that the laws of that jurisdiction will control absent some provision to the contrary.  This benefits both parties, not merely the insurance company."  Sturiano v. Brooks, 523 So. 2d 1126, 1129 (Fla. 1988); see Calhoun v. Greyhound Lines, Inc., 265 So. 2d 18, 21 (Fla. 1972) ("[W]here the last act necessary to complete the contract is performed, that is the place of the contract.").

While recognizing that Florida follows the rule of lex loci contractus when considering the rights and obligations of parties to an insurance contract, the Plaintiff asserts that the Court should follow "an exception for coverage disputes connected to real property" purportedly carved out by the Eleventh Circuit in Shapiro v. Assoc. Int'l Ins. Co., 899 F.2d

---

[1]See Shapiro v. Assoc. Int'l Ins. Co., 899 F.2d 1116 (11th Cir. 1990), discussed infra.

1116 (11th Cir. 1990).  In <u>Shapiro</u>, the Eleventh Circuit held that contracts for insurance that do not concern automobile insurance "are determined by the local law of the state which the parties understood was to be the principal location of the risk."  <u>Shapiro</u>, 899 F.2d at 1119-20.  In making that holding, the <u>Shapiro</u> court made "an educated guess as to how the Florida Courts would resolve the issue."  <u>Id.</u> at 1119.  The <u>Shapiro</u> court recognized that "under the traditional choice of law rule in Florida, we would apply the substantive law of California because the contract was issued and countersigned in California through a California broker."  <u>Id.</u> at 1119.  However, the court decided that the Florida Supreme Court would not apply the "antiquated" and "archaic" <u>lex</u> <u>loci</u> <u>contractus</u> rule to the case.  <u>Id.</u> at 1119.  Instead, the <u>Shapiro</u> court determined that the Florida Supreme Court would follow Section 193 of the Restatement (Second) of Conflicts of Law. <u>Id.</u> at 1119-20.  In part, the <u>Shapiro</u> court supported its <u>Erie</u>-guess by the Florida Supreme Court's abandonment of the concept of <u>lex</u> <u>loci</u> <u>delicti</u> in tort cases in favor of the Restatement (Second) "significant relationship" approach.  However, since <u>Shapiro</u>, the Florida Supreme Court has explained the divergence in its choice of law analysis in tort and contract cases.  See <u>Roach</u>, 945 So. 2d at 1163-64.

Decided in 1990, <u>Shapiro</u> has governed this area of the law in the Circuit unquestioned by the Florida Supreme Court until 2006.[2]  However, last year the Florida Supreme Court unequivocally reiterated the law of <u>lex</u> <u>loci</u> <u>contractus</u> as the controlling

---

[2] Indeed, prior to the decision in <u>Roach</u>, this Court followed <u>Shapiro</u> in <u>Travelers Indem. Co. v. Royal Oak Enters.</u>, 429 F. Supp. 2d 1265, 1270 (M.D. Fla. 2004).

choice of law doctrine in contract cases in Florida - "We have never retreated from our

adherence to this rule in determining which state's law applies to interpreting contracts."

Roach, 945 So. 2d at 1164.  Indeed, the Florida Supreme Court reasoned as follows:

> For reasons we have previously explained, we apply different choice of law rules to different areas of the law. For example, with respect to torts and statutes of limitation, we have abandoned the rule that the applicable substantive law is the law of the state where the injury occurred -  i.e., lex loci delicti - in favor of a flexible test to determine which state has the most significant relationships to the cause of action.
>
> In contrast, in determining which state's law applies to contracts, we have long adhered to the rule of lex loci contractus. That rule, as applied to insurance contracts, provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage.  In Sturiano, we considered - and rejected - the significant relationships test.  In that case, we answered a certified question asking whether the lex loci rule governed the "rights and liabilities of the parties in determining the applicable law on an issue of insurance coverage."  We discussed the significant relationships test, which requires consideration of various contacts between the contract and the states involved - such as the place of contracting and the place of performance - and weighing them to determine the state with the "most significant relationship to the transaction and the parties. We acknowledged that "lex loci contractus is an inflexible rule," but concluded that "this inflexibility is necessary to ensure stability in contract arrangements."  We reasoned that "[w]hen parties come to terms in an agreement, they do so with the implied acknowledgment that the laws of that jurisdiction will control absent some provision to the contrary."  We concluded that to abandon this principle and permit a party to change or modify contract terms by moving to another state would unnecessarily disrupt the stability of contracts. We explained the purpose behind the rule as follows:
>
> In the case of an insurance contract, the parties enter into that contract with the acknowledgment that the laws of that jurisdiction control their actions. In essence, that jurisdiction's laws are incorporated by implication into the agreement. The parties to this contract did not bargain for Florida or any other state's laws to control. We must presume that the parties did bargain for, or at least expected, New York law to apply.

Roach, 945 So. 2d at 1163-64 (citations an footnote omitted).  Although the Roach court did not explicitly repudiate - or even cite to - Shapiro, it is clear that the Florida Supreme Court did not rule in the way anticipated by the Eleventh Circuit in Shapiro.

Where state law provides the rule of decision, as it does here, and where current state law is clearly contrary to rulings of the Eleventh Circuit interpreting and applying state law, this Court is justified - if not required - to take the fully developed, current state law in preference to the earlier, outdated law of the Circuit.  Thus, the Court finds that the rule of lex loci contractus governs the choice of law issue here.[3]

Applying that rule, it is plain that Florida substantive law controls this action because it is undisputed that the parties executed the insurance contract at issue in Florida.  See, e.g., Motion to Dismiss at 4 ("[Defendant] Pro Plumbing is a Florida corporation and its insurance policy with Valiant incepted [sic] in Florida . . . .").  Because the Court finds that Florida law controls, the Plaintiff's asserted grounds to dismiss the requests in the counterclaims for attorney fees under the Florida Insurance Code are inapposite - the Plaintiff simply contended that the attorney fee requests in the counterclaims should be dismissed because the Defendants sought those fees pursuant to the Florida Insurance Code.

---

[3] Indeed, the only court to cite to Shapiro in this district since the decision in Roach has called into question the continuing validity of Shapiro.  See CNL Hotels & Resorts, Inc. v. Houston Cas. Co., – F. Supp. 2d –, 2007 WL 788361, * 2 n.4 (M.D. Fla. March 14, 2007) ("Florida's choice of law rules have yet to follow the path [the Shapiro court] predicted.").

In addition, the Plaintiff asserted that even if Florida law applies to this action Count II of the counterclaims should be dismissed as premature because a claim for bad faith pursuant to Florida Statutes section 624.155(1)(b)(1) is not ripe until there is a determination of coverage.  The Pro Plumbing Defendants concede that their statutory bad faith action is premature, but request that the Court abate that counterclaim rather than dismiss it.  The Court agrees that abatement is appropriate in this case to conserve judicial resources, all of the parties to the bad faith action now being before the Court.  The Court will consider a motion to lift the abatement or dismiss the counterclaim at the appropriate time.

### Conclusion

Upon due consideration, the Plaintiff's Motion to Dismiss Pro Plumbing's Counterclaim (Doc. 21) is DENIED.  In addition, Count II of the Pro Plumbing Defendants' counterclaims is ABATED pending further order of the Court.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 5th day of October, 2007.

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record